843 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ransom HAMLET, Jr., Plaintiff-Appellant,
v.
Charles L. BENTON, Director of Finance of Baltimore City,
Defendant-Appellee.
 No. 87-6657.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 19, 1988.
Decided: April 6, 1988.
 
 Ransom Hamlet, Jr., appellant pro se.
 Before MURNAGHAN, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ransom Hamlet, Jr., a Maryland inmate, filed this action on June 18, 1987 pursuant to 42 U.S.C. Sec. 1983 against Charles L. Benton, the Director of Finance of Baltimore City, seeking the return of $4,386 forfeited to the state under Md.Ann.Code art. 27, Sec. 297. The complaint alleged that Hamlet had been deprived of the money without due process of law because:
 
 
 2
 (1) the petition for forfeiture was filed in state court prior to completion of criminal proceedings against Hamlet;
 
 
 3
 (2) Hamlet was denied the right to contest forfeiture in state court;
 
 
 4
 (3) he "did not receive service of process"; and
 
 
 5
 (4) he was denied the right to appeal the order of forfeiture.
 
 
 6
 In addition to return of the money, the complaint sought punitive and compensatory damages and interest. The district court dismissed the action; we affirm.
 
 
 7
 The complaint and other papers filed by Hamlet revealed that he had previously filed suit contesting the forfeiture on December 10, 1986, in the Circuit Court for the City of Baltimore, and that the circuit court upheld the Maryland district court's order of forfeiture in an order dated January 19, 1987. However, none of the records from either the original forfeiture proceeding or from Hamlet's suit in circuit court were examined by the federal district court, nor are the records in this Court on appeal.
 
 
 8
 The district court dismissed Hamlet's Sec. 1983 suit pursuant to 28 U.S.C. Sec. 1915(d). The court ruled that even assuming Hamlet had been "deprived of property," he was afforded all the process that was due because he admitted in the complaint that he had "unsuccessfully petitioned the Maryland state courts for a return of the money."
 
 
 9
 The district court erred in concluding that because Hamlet had unsuccessfully petitioned for return of the money in state court, he was necessarily afforded all his due process rights regarding the forfeiture. Although it is likely that the state proceedings complied with due process requirements, see, e.q., Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 680 n. 15 (1974); Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974) (claimant must be given notice and an adequate opportunity to contest forfeiture), a blanket statement that the proceedings in this case comported with due process cannot be made absent an examination of the records of those proceedings. Indeed, Hamlet's contentions that he did not receive service of process and that he was denied the right to contest the order of forfeiture and to appeal the order raise some constitutional questions regarding the state proceedings.
 
 
 10
 Instead, the district court should have based dismissal of Hamlet's complaint on the court's lack of subject matter jurisdiction. Neither this Court nor the district court has jurisdiction to review federal questions arising in the course of state court litigation. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Ganey v. Barefoot, 749 F.2d 1124, 1127-28 (4th Cir.1984), cert. denied, 472 U.S. 1019 (1985). Federal questions arising out of a state forfeiture proceeding, such as those raised by Hamlet, are properly presented first to the state courts to consider and then ultimately to the Supreme Court of the United States. 28 U.S.C. Sec. 1257; Feldman, 460 U.S. at 486; Ganey, 749 F.2d at 1128. Hamlet does not challenge the constitutionality of the Maryland forfeiture statutes; he complains only of the procedure afforded him personally. His claims are "inextricably interwined" with issues which were presented to the Maryland courts relative to the forfeiture. Feldman, 460 U.S. at 486. As such, Hamlet's complaint is not cognizable under Sec. 1983 and therefore should have been dismissed by the district court due to lack of jurisdiction. Feldman, 460 U.S. at 486; Ganey, 749 F.2d at 1127-28.
 
 
 11
 We affirm the district court's dismissal of Hamlet's Sec. 1983 suit. However, our affirmance is based on the district court's lack of subject matter jurisdiction. We dispense with oral argument because the dispositive issue has recently been decided authoritatively.
 
 
 12
 AFFIRMED.